# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Richard Greenlee,**

**Plaintiff,**

**v.**                                              **Case No. 05-2509-JWL**

**United States Postal Service,**


**Defendant.**

## <u>MEMORANDUM & ORDER</u>

Plaintiff, appearing pro se, filed suit against his former employer, the United States Postal Service.  This matter is presently before the court on defendant's motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) or, in the alternative, for summary judgment (doc. 36).  Defendant also asks the court to impose filing restrictions on plaintiff with respect to future lawsuits.  As will be explained, defendant's motion is granted and plaintiff's complaint is dismissed with prejudice but the court declines to impose filing restrictions on plaintiff at this time.


*Defendant's Motion to Dismiss*

In his amended complaint, plaintiff alleges that his former employer is responsible for "stalling out his transportation" on numerous occasions by using some type of satellite device to control the vehicle.  He makes additional claims of "endangerment of life, trying to cause an accident on interstate highway, terroristic threats in maritime war desert storm, ta[m]pering with

a vehicle on interstate highway, abuse, assault and battery, using a communications device so that I [k]new they were coming as to prey [u]pon a person before the attack . . like a sound of regiment and after desert storm."  Plaintiff also appears to assert under the Rehabilitation Act of 1973 claims relating to his employment and arising in the early 1990s.  Three days after filing his amended complaint, plaintiff filed a "Complaint of To[r]ture" in which he asserts that defendant has conspired with an "Italian female" and a "Russian cosmanot" [sic] by paying a "lab technician" one million dollars to break into plaintiff's home and place 300 rats inside his body from 4:30am to 8:30am.

In its motion, defendant accurately describes the majority of plaintiff's claims as tort claims and moves to dismiss these claims on the grounds that plaintiff has not exhausted his administrative remedies under the Federal Tort Claims Act.  *See* 28 U.S.C. § 2675(a).  The court agrees that these claims should be dismissed for lack of subject matter jurisdiction as plaintiff has not alleged or shown that he has exhausted his administrative remedies with respect to any of the tort claims asserted in his amended complaint.  *See Boehme v. United States Postal Serv.*, 343 F.3d 1260, 1263-64 (10th Cir. 2003) (assertion of state tort claims arising out of the activity of the Postal Service compels the application of the FTCA and its attendant provisions, including administrative exhaustion requirement).  Moreover, as argued by defendant, plaintiff's intentional tort claims are barred by sovereign immunity regardless of exhaustion of remedies.  *See* 28 U.S.C. § 2680(h) (waiver of sovereign immunity does not extend to claims arising out of assault, battery or other specified intentional tort claims).  To the extent plaintiff's amended complaint is construed to assert *Bivens* claims against defendant, those claims are similarly

2

barred by sovereign immunity.  *See FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994); *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (*Bivens* claims cannot be brought against federal agencies).  Finally, defendant moves to dismiss plaintiff's employment-related claims (all of which arise in the early 1990s) on the grounds that those claims, regardless of whether construed under the FTCA or the Rehabilitation Act, are barred by the applicable statute of limitations.  Again, the court agrees.  *See Plaza Speedway v. United States*, 311 F.3d 1262, 1266-67 (10th Cir. 2002) (tort claim under FTCA must be brought within 2 years after it accrues); *Baker v. Board of Regents of State of Kansas*, 991 F.2d 628, 631 (10th Cir. 1993) (Kansas's two-year statute of limitations applies to federal claim brought under Rehabilitation Act).

For the foregoing reasons, plaintiff's claims are dismissed with prejudice.[1]

*Filing Restrictions*

Defendant also asks the court to impose filing restrictions on plaintiff.  The record before

---

[1]In response to defendant's motion, plaintiff has filed three motions (docs. 39, 44 and 46) in which he expresses a desire to amend his complaint to cure the defects asserted by defendant in its motion to dismiss.  In none of these filings, however, does plaintiff articulate a basis for the court's subject matter jurisdiction over his tort claims or explain how his employment-related claims are timely filed.  Thus, plaintiff has come forward with no allegations sufficient to save his complaint from dismissal for the grounds set forth by defendant.  Moreover, while plaintiff seems to set forth additional claims in these motions, none of the allegations contained therein establish that defendant violated any legal obligation owed to plaintiff and for which plaintiff is seeking timely relief.  These motions, then, are denied.

the court reflects that this lawsuit is the fourth lawsuit that plaintiff has filed against his former employer since 1993.  In the first, Judge Vratil dismissed plaintiff's claims on the merits, *see Greenlee v. Runyon*, 1994 WL 114280 (D. Kan. Mar. 29, 1994), and the Circuit affirmed that decision in an Order and Judgment.  There is nothing in the record before the court indicating that Judge Vratil determined plaintiff's claims to be frivolous or his lawsuit to be abusive.  Indeed, Judge Vratil appointed counsel to represent plaintiff in that case.  Plaintiff's second case was dismissed sua sponte by this court for failure to prosecute (plaintiff had never attempted to serve defendant) after plaintiff failed to respond to two orders to show cause issued by the court.  Again, this court made no determination that plaintiff's claims were frivolous or abusive.  Plaintiff's third case was dismissed by Judge VanBebber as "fanciful and delusional" and that decision was affirmed by the Tenth Circuit.  *See Greenlee v. United States*, 2006 WL 1004726, at *1 (10th Cir. Apr. 18, 2006).

Based on this record, defendant seeks to have filing restrictions imposed on plaintiff.  In appropriate circumstances, filing restrictions may be imposed to "regulate the activities of abusive litigants."  *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).  "Litigiousness alone will not support an injunction restricting filing activities."  *Id.* at 353.  Before imposing filing restrictions, the district court must set forth the litigant's "lengthy and abusive history."  *Id.*  The court cannot conclude based on the record before it that plaintiff has abused the judicial process sufficiently to warrant filing restrictions.  He has filed 4 cases over the last 13 years and, while each of those cases has been dismissed for various reasons, no court (at least as reflected in the record before this court) has described plaintiff as abusive or has determined that plaintiff's

4

lawsuit was filed for the purpose of harassing defendant.  Moreover, defendant has not shown (and the record does not reflect) whether plaintiff continues to press identical claims in each of the cases that he has filed.  To be sure, the court appreciates defendant's frustration in responding to plaintiff's various pleadings in this case, all of which are, admittedly, incomprehensible.  In fact, this case appears to be like the case before Judge VanBebber in that plaintiff's claims here are unintelligible, fanciful and delusional.  The court, then, does not mean to suggest that it would not impose filing restrictions if plaintiff files yet another case with similar unintelligible and delusional allegations against this defendant.  At this juncture, however, defendant has not shown with any particularity that such restrictions are appropriate. The request is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss (doc. 36) is granted and plaintiff's complaint is dismissed with prejudice; plaintiff's motion to amend complaint  (doc. 39) is denied; plaintiff's motion to amend complaint (doc. 44) is denied; and plaintiff's motion to clarify claims and amend complaint (doc. 46) is denied.

**IT IS SO ORDERED.**

Dated this 23rd  day of August, 2006, at Kansas City, Kansas.

5

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge